CHESTER M. CLARK, administrator, plaintiff in error, *vs.* JAMES W. WARREN, defendant in error.

A and B purchased land, delivering their joint and several promissory note, secured by mortgage thereon, in payment therefor. They divided the land, executing, each to the other, a quit-claim deed. B sold his portion to a purchaser, who had constructive notice of the mortgage from the fact of its being of record, and died insolvent. A died solvent. His administrator was compelled to pay off in full the aforesaid joint and several note. He then filed his bill against the purchaser of B's portion to enforce contribution:

*Held*, that there was no equity in his bill.

Equity. Mortgage. Vendor and purchaser. Contribution. Before Judge HARRIS. Calhoun Superior Court. September Term, 1875.

Reported in the decision.

STROZER & SMITH; LYON & BUTLER, for plaintiff in error.

VASON & DAVIS; R. N. ELY, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant, as the administrator of Wilkinson, against the defendant, in the year 1860, alleging that in the year 1848 complainant's intestate, and one Spicer, purchased from the Messrs. Costers, several described lots of land, for which they executed their joint and several promissory notes, to secure the payment of which, they, on the 6th of December, 1848, executed a mortgage on the land so purchased, to the Costers. Subsequently, on the 29th of December 1849, Wilkinson and Spicer, by agreement, divided

the land between them, each executing a quit claim deed to the other for their respective shares thereof; that in the year 1856 Spicer departed this life insolvent, and his estate is unrepresented, leaving, at the time of his death, two of the notes so given as aforesaid to the Costers for the land secured by the mortgage thereon, unpaid; that Wilkinson died, and the complainant, as his administrator, was compelled not only to pay his intestate's share of said notes but was also compelled to pay Spicer's share thereof, his intestate being a joint and several promissor thereon, and did pay the same, amounting to the sum of $2,686 45, on the 5th day of December, 1859. The complainant also alleges, that after the partition of the lands between Wilkinson and Spicer, Spicer sold and conveyed his share thereof to the defendant, Warren, who went into the possession thereof and still occupies the same; the time of this sale is not alleged in complainant's bill, but is stated in the defendant's answer to have been in the spring of 1853.

The complainant alleges that the defendant, Warren, had notice of the mortgage on the land to the Costers, at the time he purchased it from Spicer, and insists that the land in his hands is chargeable with the amount which he has paid to the Costers for Spicer's share of the money due on the notes given by Wilkinson and Spicer for the land, the payment of which was secured by the mortgage thereon. The prayer of the bill is, that the land may be sold and so much of the proceeds thereof as may be necessary, be applied to the extinguishment of the amount paid by the complainant to the Costers for Spicer, and the surplus, if any, paid to the defendant, and for such other relief as the nature of his case may require, according to equity and good conscience.

The defendant, in his answer, admits that he purchased the land from Spicer in the spring of 1853 for the sum of $10,000, and has paid for the same; defendant also admits that he had constructive but not actual notice of the mortgage on the land to the Costers, at the time of his purchase, but had at the same time notice that the mortgage debt was the joint debt of

Spicer and Wilkinson, and that the estate of the latter was entirely solvent; defendant denies all information of the payment of the notes *secured* by the mortgage held by the Costers by complainant, except as charged in his bill, but supposes the same may be true; defendant admits the insolvency of Spicer's estate. By agreement of the parties the case was submitted to the decision of the presiding judge upon the bill and answer of the defendant, without the intervention of a jury, who decided that the complainant was not entitled to the relief prayed for, and dismissed the complainant's bill, whereupon the complainant excepted.

There can be no doubt that as between the original joint promissors in the notes given to the Costers for the land which the mortgage was given to secure, and their legal representatives, that the doctrine of legal or equitable contribution would be applicable, but that is not the question presented by the record before us.

The question as presented by the record is whether the payment of the entire mortgage debt by one of two joint and several promissors, who were *primarily* liable for the payment thereof to the mortgagees, can equitably compel a purchaser of a part of the mortgaged land from one of the mortgagors, to contribute to the other mortgagor out of the land so purchased by him the one-half of the mortgage debt, when such mortgagor was primarily liable to pay to the mortgagees the entire mortgage debt? If Wilkinson and Spicer, after having given their joint and several notes to the Costers for the land, and executed a mortgage on the land to secure the payment thereof, had afterwards sold the entire tract so mortgaged to the defendant, Warren, and received payment therefor from him, and Wilkinson had paid off the entire mortgage debt to the Costers, for which he was jointly and severally liable to pay, what equity would he have had against Warren, the purchaser, to compel him to reimburse him, Wilkinson, out of the land so purchased because he had paid Spicer's share of the mortgage for which he was jointly and severally bound with Spicer to the mortgagees, to pay? Having sold the land

to Warren and received payment therefor, Wilkinson and Spicer, or either of them, would have been morally and equitably bound to have paid off the mortgage debt, so as to have protected the purchaser of the land from the mortgage. The fact that the land was divided between the joint owners by mutual consent, and part thereof sold by one of the joint owners, does not alter or change the principle involved; both the joint and several promissors were morally and equitably bound to pay off and discharge the mortgage debt for the protection of a purchaser of a part of the mortgaged property, as well as a purchaser of the whole of it. But there is another obstacle in the way of the complainant. The land was purchased by the defendant, Warren, in the spring of 1853. The complainant's alleged equity is that he paid for his intestate, as a joint promissor on the notes, the sum of $2,686 45, as Spicer's share, on the 5th day of December, 1859. The defendant denies all information as to that payment, except as furnished by complainant's bill, and could not have had any knowledge of it at the time of his purchase of the land, for the simple reason that the payment was not made until five or six years thereafter. It is true, the defendant had constructive notice of the mortgage, but at the same time had notice that the mortgage debt was the joint debt of Spicer and Wilkinson, and that the estate of the latter was entirely solvent. The defendant, therefore, had no notice of the complainant's alleged equity at the time he purchased the land, in the spring of 1853. This is not an attempt of the mortgagees, or of an assignee of the mortgagees, for a valuable consideration, to collect the mortgage debt out of the mortgaged property, but it is an attempt by one of the mortgagors to collect out of the purchaser of a part of the mortgaged lands sold by one of the mortgagors, a debt which he was legally bound to pay to the mortgagees as a joint promissor, on the alleged ground that the land in the hands of such purchaser is charged with the burden of paying one-half of the mortgagor's joint and several liability to pay his own mortgage debt, of which payment by the complainant the defendant had no knowledge at the time

of his purchase of the land, and could not have had any, because no such payment had then been made.

In view of the facts of this case as disclosed in the record, we are of the opinion that the defendant, Warren, the purchaser of the land, has the superior equity as against the complainant, and that there was no error in deciding that the complainant was not entitled to the relief prayed for, and in dismissing his bill.

Let the judgment of the court below be affirmed.